**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

RALPH SHAFFER,

    Plaintiff,

v.   CASE NO. 1:11-cv-00148-MP-GRJ

MICHAEL ASTRUE,

    Defendant.

_____/

**O R D E R**

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending that this matter be remanded under sentence four of 42 U.S.C. § 405(g). The time for filing objections has passed, and none have been filed. The Court agrees that the Administrative Law Judge failed to explain her implicit rejection of consulting doctors Dr. Gedney and Dr. Benet's opinions in this case. Therefore, the Court will remand this case under sentence four.

A remand under sentence four is considered a final judgment. Bergen v. Commissioner, 454 F.3d 1273 (11th Cir. 2006). Thus, absent a court order stating otherwise, a successful plaintiff's counsel would normally have fourteen days after the order of remand to file a motion with the District Court requesting an award of attorney fees. Fed. R. Civ. P. 54(d)(2)(B). This Rule has been interpreted by the Eleventh Circuit to even apply to a request for fees to be paid from plaintiff's past due benefits pursuant to 42 U.S.C. § 406(b)(1). Bergen, 454 F.3d at 1277-78. However, plaintiff's counsel in such a case will not know the amount of benefits - and therefore fees - until after the Commissioner awards benefits, which typically takes longer than

fourteen days after the entry of judgment.  Therefore, an extension of time to seek such fees is warranted, and was recommended by the Bergen opinion.  Id.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

The Report and Recommendation of the Magistrate Judge is adopted, the decision of the Administrative Law Judge is reversed, and this matter is remanded to the Commissioner.

This Clerk is directed to enter final judgment remanding this case to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings in order to fully discuss and give appropriate weight to the opinions of the consulting physicians.

Pursuant to Bergen, proceedings on attorney fees under the Social Security Act, 42 U.S.C. § 406(b) are stayed until the matter is fully adjudicated upon remand.  The plaintiff shall file a motion to award fees under 406(b) within 30 days after counsel receives notice from the Commissioner as to plaintiff's past due benefits.

This stay relates only to attorney fee proceedings under § 406(b) of the Social Security Act, not to attorney fee proceedings under the Equal Access to Justice Act, 28 U.S.C. § 2412, the latter of which may be adjudicated at this time.

**DONE AND ORDERED** this *27th*  day of September, 2012

 *s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge